**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JOSEPH GUGLIELMO, on behalf of himself and all others similarly situated, | : | CASE NO. 1:20-cv-05376 |
| | : | JUDGE LEWIS J. LIMAN |
| Plaintiffs, | : | |
| v. | : | |
| JEGS AUTOMOTIVE, INC., | : | |
| Defendant. | : | |

**DEFENDANT JEGS AUTOMOTIVE, INC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS PURSUANT TO F. R. C. P. 12(B)(2)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... iii

I. INTRODUCTION ..... 1

II. STATEMENT OF FACTS ..... 1

III. LAW AND ARGUMENT ..... 2

A. Standard Involved ..... 2

B. There is no basis for personal jurisdiction under New York law. ..... 3

C. The exercise of personal jurisdiction over JEGS would not comport with the Due Process Clause of the United States Constitution. ..... 7

D. Because it parallels his substantive claims, Guglielmo's redundant third claim for declaratory judgment cannot be maintained and warrants dismissal. ..... 10

E. Given the failure of the federal claims, the Court should decline to exercise supplemental jurisdiction over Guglielmo's state law claim. ..... 11

IV. CONCLUSION ..... 12

CERTIFICATE OF SERVICE ..... 13

## TABLE OF AUTHORITIES

**Cases**

*Aquiline Capital Partners LLC v. FinArch LLC*, 861 F. Supp. 2d 378 (S.D.N.Y. 2012) .............. 4

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194 (2d Cir. 1990) .................................. 3

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779 (2d Cir. 1999) ............. 7

*Best Van Lines, Inc. v. Walker*, 490 F.3d 239 (2d Cir. 2007) .................................................. 4, 5

*Big Apple Pyrotechnics & Multimedia, Inc. v. Sparktacular. Inc.*, No. 05 Civ. 9994 (KMW), 2007 U.S. Dist. LEXIS 17163 (S.D.N.Y. Mar. 9, 2007) .......................................... 4

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174 (1985) ..................................... 9

*Camacho v. Vanderbilt Univ.*, No. 18 Civ. 10694 (KPF), 2019 U.S. Dist. LEXIS 209202 (S.D.N.Y. Dec. 19, 2019) ........................................................................................ passim

*Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158 (2d Cir. 2010) ..................................... 2

*Culwick v. Wood*, 384 F. Supp. 3d 328 (E.D.N.Y. 2019) ........................................................ 10

*Daimler AG v. Bauman*, 134 S. Ct. 746, 187 L.Ed.2d 624 (2014) ............................................... 8

*Diaz v. Kroger Co.*, No. 18 Civ. 7953 (KPF), 2019 U.S. Dist. LEXIS 93177 (S.D.N.Y. June 4, 2019) ....................................................................................................... 5, 6

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81 (2d Cir. 2013) ................................. 3

*Eades v. Kennedy, PC Law Offices*, 799 F.3d 161 (2d Cir. 2015) ............................................ 2, 9

*Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458 (S.D.N.Y. 2008) ................. 10

*Family Internet, Inc. v. Cybernex, Inc.*, No. 98 Civ. 0637 (RWS), 1999 U.S. Dist. LEXIS 15549, (S.D.N.Y. Oct. 6, 1999) ............................................................................... 5

*Freeplay Music, Inc. v. Cox Radio, Inc.*, No. 04 Civ. 5238 (GEL), 2005 U.S. Dist. LEXIS 12397, (S.D.N.Y. June 23, 2005) ............................................................................... 8

*Giordano v. City of New York*, 274 F.3d 740 (2d Cir. 2001) ..................................................... 11

*Girl Scouts of the United States v. Steir*, 102 F. App'x 217 (2d Cir. 2004) ................................. 6

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S. Ct. 1868 (1984) ......... 7

*Horowitz v. Am. Int'l Group, Inc.*, No. 09 Civ. 7312 (PAC), 2010 U.S. Dist. LEXIS 103489 (S.D.N.Y. Sept. 30, 2010) ............................................................................. 11

*In re Am. Express Co. Shareholder Litig.*, 840 F. Supp. 260 (S.D.N.Y. 1993) ........................... 12

*In re Orion Pictures Corp.*, 4 F.3d 1095 (2d Cir. 1993) ........................................................ 11

*In re Terrorist Attacks on September 11, 2011*, 714 F.3d 659 (2d Cir. 2013) ............................... 2

*Kleeberg v. Eber*, No. 16-CV-9517 (LAK) (KHP), 2020 U.S. Dist. LEXIS 142735, 52 (S.D.N.Y. Aug. 10, 2020) ........................................................................................ 10

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161 (2d Cir. 2013) ............. passim

*Marsalis v. Schachner*, No. 01 Civ. 10774 (DC), 2002 U.S. Dist. LEXIS 10157 (S.D.N.Y. June 6, 2002 ........................................................................................ 7

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560 (2d Cir. 1996) .................... 2, 9

*Morton v. Cty. of Erie*, 796 F. App'x 40 (2d Cir. 2019) .......................................................... 12

*Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301 (S.D.N.Y. 2015) ...................... 1

*O'Brien v. Hackensack Univ. Med. Ctr.*, 305 A.D.2d 199, 760 N.Y.S.2d 425 (1st Dep't 2003) ........................................................................................ 6

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502 (2d Cir. 1994) ...................................... 2

*Rothman v. Gregor*, 220 F.3d 81 (2d Cir. 2000) ........................................................................ 1

*See Sullivan v. Ringling Coll. of Art & Design, Inc.*, No. 190CV-1302 (RA), 2019 U.S. Dist. LEXIS 209205 (S.D.N.Y. Dec. 4, 2019) ........................................................................ 10

*Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129 (2d Cir. 1998) ............................................ 6

*Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598 (S.D.N.Y. 2012) .................................................. 3

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100 (2d Cir. 2006) ................. 4

*Taylor v. Lenox Hill Hosp.*, 87 F. App'x 786 (2d Cir. 2004) ..................................................... 11

*U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 145 (2d Cir. 2001) .................. 7

*Walden v. Fiore*, 571 U.S. 277, 134 S. Ct. 1115, L. Ed. 2d 12 (2014) ................................. 7, 8, 9

**Statutes**

28 U.S.C. § 1367 ........................................................................................ 16

**Rules**

N.Y. C.P.L.R. § 302(a)(1)........................................................................................................ 8

## I. INTRODUCTION

Plaintiff Joseph Guglielmo is a serial plaintiff in matters such as this one. Just since 2019, he has filed *at least 133 actions* in this Court raising allegations similar, if not often identical, to those in this case.[1] Guglielmo may or may not have proper causes of action that can survive a Rule 12 motion in some of these cases, but in this case, he does not. This is because, despite his vast experience in filing similar lawsuits, Guglielmo\ failed to file a lawsuit that meets a most fundamental requirement: personal jurisdiction.

This deficiency and the redundancy of the declaratory judgment cause of action prompt the dismissal of the federal claims, which in turn weighs against the Court continuing to exercise supplemental jurisdiction over the remaining state-law claim. Accordingly, the Court should dismiss Guglielmo's complaint in its entirety.

## II. STATEMENT OF FACTS

Defendant JEGS Automotive, Inc. is an Ohio corporation that is in the business of selling automotive parts and accessories to consumers via its Columbus, Ohio retail store, its toll-free telephone number, and its website (www.jegs.com). Doc. No. 1 ¶¶ 13, 21. Plaintiff, a Suffolk County, New York resident, is a visually impaired and legally blind individual. *Id.* ¶¶ 2, 11. He alleges he cannot use a computer without the assistance of screen-reading software. *Id.* ¶ 23. Guglielmo also alleges that, on multiple occasions ending in July 2020, he visited JEGS's

[1] In addition to the instant action, Guglielmo filed seven similar lawsuits on July 7 and ten on July 13, including the instant action. Before the month was over, Guglielmo filed twenty more cases – ten on July 20 and ten on July 30. As another Judge in this District has recognized, "[t]he Court may take judicial notice of pleadings filed in other cases in deciding a motion to dismiss without converting that motion into a motion for summary judgment." *Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301, 313 n.7 (S.D.N.Y. 2015) (citing *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000). In any event, this statistic is not a basis for dismissal in and of itself; rather, it informs any assessment of Plaintiff's experience in investigating and pleading, with and without counsel, this type of case.

website to make a purchase but was unable to do so due to the website's purported lack of features and accommodations. *Id.* ¶ 24.

Days later, on July 13, 2020, Guglielmo initiated the instant action, which he styled as a Class Action Complaint. *Id.* He asserts three causes of action: a claim for violation of the American with Disabilities Act ("ADA") under 42 U.S.C. § 12181 *et seq.*; a claim for violation of the New York City Human Rights Law ("NYCHRL") under N.Y.C. Administrative Code § 8-101 *et seq.*; and a claim for declaratory relief under 28 U.S.C. §§ 2201 and 2202. *Id.* ¶¶ 6, 7, 10, 48-71.

## III. LAW AND ARGUMENT

### A. Standard Involved

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994)). "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167-68 (2d Cir. 2015) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013)). The plaintiff's prima facie showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *In re Terrorist Attacks on September 11, 2011*, 714 F.3d 659, 673 (2d Cir. 2013) (quoting *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (internal quotation marks omitted)).

"Once a defendant has raised a jurisdictional defense on a Rule 12(b) motion to dismiss, the plaintiff bears the burden of proving sufficient contacts with the relevant forum to establish

jurisdiction over each defendant." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012). It is well-established that "in deciding a pretrial motion to dismiss for lack of jurisdiction a district court has considerable procedural leeway," and it "may determine the motion on the basis of . . . affidavits alone." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (citation omitted).

**B. There is no basis for personal jurisdiction under New York law.**

Guglielmo's ADA claim is predicated on the contention that JEGS's website denies equal access to visually impaired customers. To assert this claim, Guglielmo must establish the Court has personal jurisdiction over JEGS. This he cannot do.

For Guglielmo to establish personal jurisdiction and survive a Rule 12(b)(2) motion to dismiss, he must plead "'an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over defendant.'" *Camacho v. Vanderbilt Univ.*, No. 18 Civ. 10694 (KPF), 2019 U.S. Dist. LEXIS 209202, at *7 (S.D.N.Y. Dec. 19, 2019) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). The Court's inquiry involves a two-step analysis that involves, first, looking at whether there is a basis for personal jurisdiction under the laws of the forum state, and second, examining whether the exercise of personal jurisdiction comports with due process. *Id.* at *7-8 (citing *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013)).

The law-of-the-forum state component focuses here on New York's long-arm statute, which provides, in relevant part, "that a court may exercise personal jurisdiction 'over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state,' so long as the cause of action 'aris[es] from' that transaction." *Id.* at *7 (quoting N.Y. C.P.L.R. § 302(a)(1)). This means that the Court can exercise personal jurisdiction over the non-domiciliary

Defendant if two conditions are both met: one, Defendant must transact business within the state of New York, and two, the ADA claim against Defendant must arise out of that business activity. *Id.* at *7-8 (quoting *Aquiline Capital Partners LLC v. FinArch LLC*, 861 F. Supp. 2d 378, 386 (S.D.N.Y. 2012)).

New York law recognizes two types of personal jurisdiction over a nondomiciliary: general personal jurisdiction and long-arm personal jurisdiction. *Big Apple Pyrotechnics & Multimedia, Inc. v. Sparktacular. Inc.*, No. 05 Civ. 9994 (KMW), 2007 U.S. Dist. LEXIS 17163, at *6 (S.D.N.Y. Mar. 9, 2007). The "traditional bases" for general personal jurisdiction include, for example, "physical presence, consent, domicile, or business activity." *Id.* at *6-7. Long-arm jurisdiction exists where the non-domiciliary engages in one of the activities enumerated in the long-arm statute, such as transacting business within New York, and when the cause of action arises out of that activity. *See* C.P.L.R. § 302(a); *see also Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007); *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006).

Guglielmo has not, and cannot, plead that JEGS has a physical presence or operations in the Southern District of New York or in the State of New York. JEGS's corporate headquarters, call center, distribution center, and research and development facility are located in Delaware, Ohio, multiple states away from the District and the State of New York. *See* Declaration of Troy Coughlin, attached hereto as Exhibit A and incorporated herein by reference, at ¶ 3. JEGS operates only one retail store located at 751 E. 11th Avenue, Columbus, Ohio 43211. *Id.* at ¶ 4. Simply stated, JEGS has no physical presence in the State of New York. *Id.* at ¶ 5.

Guglielmo also failed to plead any facts that permit a reasonable inference that JEGS *actually transacts business in* the District. A defendant "transacts business" in New York for

purposes of the long-arm statute when it "purposefully avails itself of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its law." *Family Internet, Inc. v. Cybernex, Inc.*, No. 98 Civ. 0637 (RWS), 1999 U.S. Dist. LEXIS 15549, at *14 (S.D.N.Y. Oct. 6, 1999) (internal quotations omitted). Another judicial officer in this District has explained, however, that "[o]perating a website that may be accessed from New York, without more, does not bring the operator within the jurisdiction of New York courts." *Camacho*, 2019 U.S. Dist. LEXIS 209202, at *12 (citing *Best Van Lines*, 490 F.3d at 246).

Even where "an interactive patently commercial website that can be accessed by New York residents" is involved, personal jurisdiction exists only where "'some degree of commercial activity occurred in New York.'" *Id.* at *14 (quoting *Diaz v. Kroger Co.*, No. 18 Civ. 7953 (KPF), 2019 U.S. Dist. LEXIS 93177, at *7 (S.D.N.Y. June 4, 2019)). For example, in *Camacho*, another judicial officer in this District addressed a situation in which a plaintiff contended that a defendant's website allowed New York student to pay their tuition through the website. The Judge explained that "while Plaintiff does contend that Defendant has students in New York and that Defendant's students might pay their tuition through the Website, he does not take the final, crucial step of alleging that New York students use the Website to pay their tuition." *Id.* at *14.

This rationale proves dispositive here. Nowhere in the Complaint does Guglielmo *plead actual facts* indicating that JEGS is transacting business. Instead, he makes only conclusory allegations untethered to any actual facts suggesting actual transactions in the State of New York. *See, e.g.,* Doc. No. 1 ¶ 8 ("Defendant conducts and continues to conduct a substantial and significant amount of business in this District") and ¶ 13 ("Defendant is and was at all relevant times . . . doing business in New York"). This attempted artful dodge is insufficient; as

explained in *Camacho*, "[t]he Court must construe the pleadings in the light most favorable to the Plaintiff, but it may not premise jurisdiction on favorable inferences drawn from them. *Camacho*, 2019 U.S. Dist. LEXIS 209202, at *14 (citing *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).

Thus, in the language of *Camacho*, "[b]ecause Plaintiff has not alleged that any . . . payments from New York were made on the Website, the Court may not assume that any commercial activity occurred in New York." *Id.* As another judicial officer in this District explained—in holding that New York law did not create personal jurisdiction over an Ohio corporation with a website accessible in New York—a plaintiff "*must* establish[] a reasonable *probability* that [the Website has] been actually used to effect commercial transaction with customers in New York." *Diaz*, 2019 U.S. Dist. LEXIS 93177, at *17 (emphasis added; internal quotation marks deleted). Guglielmo does not plead facts reasonably implying a probability, but at best only a possibility, of sufficient commercial transactions with New York customers. He therefore falls short.

The Court cannot simply assume the requisite business transactions occurred. This leaves, at best, mere solicitation for business by JEGS; but merely soliciting for a commercial transaction also is insufficient. The Second Circuit has held that "[a]s New York law makes plain, the 'mere solicitation of business within the state does not constitute the transaction of business within the state' absent some other New York-directed activities." *Girl Scouts of the United States v. Steir*, 102 F. App'x 217, 219-20 (2d Cir. 2004) (quoting *O'Brien v. Hackensack Univ. Med. Ctr.*, 305 A.D.2d 199, 201, 760 N.Y.S.2d 425, 427 (1st Dep't 2003)). As in *Steir*, JEGS's website is directed at the entire United States, JEGS has manifested no intent specifically

to target New Yorkers or to avail itself of the particular benefits of New York law, and JEGS has not engaged in any purposeful activity in New York in connection with its website. *Id.* at 219.

### C. The exercise of personal jurisdiction over JEGS would not comport with the Due Process Clause of the United States Constitution.

Even if New York law would allow for the exercise of personal jurisdiction over nondomiciliary JEGS, the court also must determine whether the exercise of jurisdiction under state law would satisfy federal due process requirements. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). The due process component of the Court's personal-jurisdiction inquiry therefore asks whether JEGS has sufficient minimum contacts with the forum state such that the instant lawsuit does not offend traditional notions of fair play and substantial justice. *Camacho*, 2019 U.S. Dist. LEXIS 209202, at *8 (quoting *Licci*, 732 F.3d at 169); *see also Marsalis v. Schachner*, No. 01 Civ. 10774 (DC), 2002 U.S. Dist. LEXIS 10157, at *10 (S.D.N.Y. June 6, 2002) (quoting *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 145, 152 (2d Cir. 2001)). When a defendant is hailed into court in a forum state based on its own affiliation with the state, there is no due process violation. *Camacho*, 2019 U.S. Dist. LEXIS 209202, at *8 (quoting *Walden v. Fiore*, 571 U.S. 277, 286, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014)).

Minimum contacts necessary to satisfy due process form the basis for the exercise of either "general" or "specific" jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 & n.8, 104 S. Ct. 1868 (1984). A court may assert general personal jurisdiction over a foreign corporation to hear any and all claims against it when the foreign corporation's affiliation with the forum state is so continuous and systematic as to render the foreign corporation essentially "at home" in the forum state. *Daimler AG v. Bauman*, 134 S. Ct.

746, 754, 187 L.Ed.2d 624 (2014). A corporation is considered "at home" in the state in which it is incorporated or where it has its principal place of business. *Id.* at 760.

As discussed above, Guglielmo failed to plead any facts raising even an inference that JEGS has purposefully availed itself of the privilege of doing business in New York. Instead, JEGS has introduced evidence that it is an Ohio corporation headquartered in Delaware, Ohio, with no office or retail presence in New York. *See* Exhibit A. The only fact Guglielmo alleges to have occurred in the District is his accessing the JEGS website from this District and JEGS, by inference, allowing its website to be accessed by New Yorkers. This is insufficient to support personal jurisdiction because "[i]t stretches the meaning of 'transacting business' too far to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred or was actively sought." *Freeplay Music, Inc. v. Cox Radio, Inc.*, No. 04 Civ. 5238 (GEL), 2005 U.S. Dist. LEXIS 12397, at *20-21 (S.D.N.Y. June 23, 2005).

For a state to exercise jurisdiction consistent with due process, a defendant's suit-related conduct must create a substantial connection with the forum state. *Walden v. Fiore*, 571 U.S. 277, 283-86, 134 S. Ct. 1115, 1121-23 (2014). In *Walden*, the Supreme Court explained that two factors determine whether there is a substantial connection: (1) whether the contacts were created by the defendant himself, and (2) whether the contacts are with the state itself rather than persons residing there. *Id.* A defendant's contacts with the forum state may be intertwined with its transactions or interactions with the plaintiff or other parties. However, a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction. *Id.* Due process requires that a defendant be hauled into court in a forum state based on his own

affiliation with the state, not based on the "random, fortuitous, or attenuated" contacts he makes by interacting with other persons affiliated with the state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174 (1985).

Nothing in the Guglielmo's Complaint even suggests the exercise of specific jurisdiction over JEGS would be appropriate. As indicated above, JEGS is not incorporated in New York, it does not have its principal place of business there, and it does not operate any stores in New York. The only allegation regarding any contact with New York is through Guglielmo, a New York resident, and his computer accessing JEGS's website via the world wide web. This is not enough in light of the Supreme Court's holding that "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285, 134 S. Ct. at 1122.

Guglielmo also must establish the exercise of jurisdiction is reasonable under the circumstances. *Camacho*, 2019 U.S. Dist. LEXIS 209202, at *19-20 (quoting *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168-69 (2d Cir. 2015)). To ascertain whether the exercise of jurisdiction is reasonable, the Court must consider:

> [i] the burden that the exercise of jurisdiction will impose on the defendant; [ii] the interests of the forum state in adjudicating the case; [iii] the plaintiff's interest in obtaining convenient and effective relief; [iv] the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and [v] the shared interest of the states in furthering substantive social policies.

*Id.* at *8 (quoting *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996)). A defendant may still defeat jurisdiction, even if minimum contacts exist, if it can present a compelling argument that the presence of other considerations would render jurisdiction unreasonable. *Id.* at *21 (quoting *Licci*, 732 F.3d at 173).

There is no basis to conclude that JEGS expected, or should reasonably have expected, any act it committed to have consequences in New York. *See Sullivan v. Ringling Coll. of Art &*

*Design, Inc.*, No. 190CV-1302 (RA), 2019 U.S. Dist. LEXIS 209205, at *15 (S.D.N.Y. Dec. 4, 2019). As another judicial officer in this District has explained, "[f]or conduct to be 'reasonably foreseeable,' there must be 'evidence of a purposeful New York affiliation, for example, a discernible effort to directly or indirectly serve the New York market.'" *Id.* (quoting *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 468 (S.D.N.Y. 2008)). But Guglielmo failed to plead *any* facts that constitute evidence of a JEGS purposeful New York affiliation.

Additionally, the exercise of jurisdiction would impose substantial burdens on JEGS. For example, rather than litigating in a forum in which it reasonably anticipated potential lawsuits, JEGS would be forced to litigate in a forum in which it did not anticipate litigating. Even with advances in technology, the costs of litigating in New York as opposed to Ohio are substantially greater; the billing rates of local counsel alone are substantially increased, in addition to the greater costs for travel and accommodations.

### D. Because it parallels his substantive claims, Guglielmo's redundant third claim for declaratory judgment cannot be maintained and warrants dismissal.

In his third cause of action, Guglielmo asserts a claim for declaratory judgment that JEGS failed to comply with the ADA and N.Y.C. Administrative Code § 8-107. Doc. No. 1 ¶ 70. This third claim targets the same rights and obligations at issue in the preceding substantive claims, which means that both the federal and state components of the declaratory judgment claim are redundant to the first and second causes of action.

Such redundancy matters because "'[a] declaratory judgment action cannot be maintained [when] it parallels the other claims and merely seeks a declaration of the same rights and obligations.'" *Kleeberg v. Eber*, No. 16-CV-9517 (LAK) (KHP), 2020 U.S. Dist. LEXIS

142735, 52 (S.D.N.Y. Aug. 10, 2020) (quoting *Culwick v. Wood*, 384 F. Supp. 3d 328, 343 (E.D.N.Y. 2019) (internal quotation marks omitted)). The remedy to such redundant pleading is clear: "Courts have broad discretion to dismiss redundant declaratory judgment claims." *Horowitz v. Am. Int'l Group, Inc.*, No. 09 Civ. 7312 (PAC), 2010 U.S. Dist. LEXIS 103489, *33 (S.D.N.Y. Sept. 30, 2010) (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 100 (2d Cir. 1993)). Accordingly, the Court should dismiss Guglielmo's declaratory judgment claim.

### E. Given the failure of the federal claims, the Court should decline to exercise supplemental jurisdiction over Guglielmo's state law claim.

In regard to his ADA claim, Guglielmo lacks the selection of a venue that has personal jurisdiction over JEGS. In regard to his declaratory judgment claim, Guglielmo has brought a redundant claim that precedent dictates should be dismissed. This leaves for disposition Guglielmo's second cause of action in which he asserts a claim under the New York City Administrative Code. Doc. No. 1 ¶¶ 56-68. The Court should decline to exercise jurisdiction over this second claim.

To exercise jurisdiction would reward Guglielmo for improperly invoking the jurisdiction of the federal court by making JEGS litigate state claims in this incorrect forum. The law does not require such an absurd result. Instead, as the Second Circuit has explained, "[i]t is well settled where . . . plaintiff's federal claims were properly dismissed prior to trial, the district court has discretionary authority to dismiss the remaining state claims." *Taylor v. Lenox Hill Hosp.*, 87 F. App'x 786, 787-88 (2d Cir. 2004) (citing 28 U.S.C. § 1367; *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001)). Applying this rule, the court of appeals upheld in *Taylor* a district court's election to decline to exercise supplemental jurisdiction under the New York Administrative Code after the trial court had dismissed the plaintiff's ADA claim. *Id.* at

787. Judicial officers in this District have similarly long recognized that "dismissal of pendent state law claims is particularly appropriate where all federal claims have been eliminated before trial." *In re Am. Express Co. Shareholder Litig.*, 840 F. Supp. 260, 270 (S.D.N.Y. 1993). This Court should similarly decline to exercise supplemental jurisdiction over Guglielmo's second cause of action. Determining whether to exercise supplemental jurisdiction entails considering "judicial economy, convenience, fairness, and comity." *Morton v. Cty. of Erie*, 796 F. App'x 40, 44 (2d Cir. 2019).

None of these factors support exercising jurisdiction here, for the same reasons jurisdiction was properly declined in *Morton*: (1) "[n]o discovery has yet occurred, so the court's refusal to hear [plaintiff's] state law claim will not engender substantial duplication of litigation efforts"; (2) "properly allowing the state courts to consider . . . state law claims . . . would serve the interest of comity since the determination of complex state law claims in the first instance is better left to those courts"; (3) there is no reason as to why declining jurisdiction "would lead to a substantial inconvenience or unfairness." *Id.* To the contrary, keeping JEGS in federal court on a state law claim when the federal claims have been dismissed would effectuate an injustice on JEGS and reward Guglielmo's flawed filing.

## IV. CONCLUSION

**For the Foregoing Reasons,** the Court should dismiss Plaintiff's complaint in its entirety.

Dated: August 27, 2020

Respectfully submitted,

**ISAAC WILES BURKHOLDER & TEETOR, LLC**

*/s/ Brian M. Zets*
Brian M. Zets (OH #0066544)
Two Miranova Place, Suite 700
Columbus, Ohio 43215
TEL: 614-221-2121
FAX: 614-365-9516
bzets@isaacwiles.com
*Counsel for Defendant JEGS Automotive, Inc.*

AND

**STINSON, LLP**

*/s/ Kieran M. Corcoran*
Kieran M. Corcoran (KC4935)
1325 Avenue of the Americas
27th Floor
New York, New York 10019
kieran.corcoran@stinson.com
TEL: 212-763-8491
FAX: 212-763-8304
*Co-Counsel for Defendant JEGS Automotive, Inc.*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 27, 2020, a copy of the foregoing ***Memorandum of Law in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2)*** was served on all parties of record via the Court's electronic filing system. The Parties can obtain a copy of this document by using the Court's CM/ECF system.

*/s/ Brian M. Zets*
Brian M. Zets (OH #0066544)