USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/17/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSEPH GUGLIELMO, on behalf of himself and all
others similarly situated,

                        Plaintiff,

            -v-

JEGS AUTOMOTIVE, INC.,

                        Defendant.
-------------------------------------------------------------------X

20-cv-5376 (LJL)

OPINION AND ORDER

LEWIS J. LIMAN, United States District Judge:

      Defendant JEGS Automotive, Inc. ("Defendant" or "JEGS") moves, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss the complaint on the grounds that the Court lacks personal jurisdiction over it.

      For the following reasons, the Court grants in part and denies in part motion to dismiss and orders jurisdictional discovery.

## BACKGROUND

      Plaintiff Joseph Guglielmo ("Plaintiff or "Guglielmo") is a visually-impaired and legally blind person who requires screen-reading software to read website content using his computer. Dkt. No. 1 ("Complaint" or Compl.") ¶ 2. The Complaint uses the terms "blind" or "visually-impaired" to refer to "all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200." *Id.* According to Plaintiff, some blind people who meet this definition have limited vision while others have no vision. *Id.*

Defendant is an automotive parts and accessories retail corporation that owns and operates www.jegs.com (the "Website"), which offers products and services for online sale and personal delivery to the public. *Id.* ¶¶ 21-22.  Defendant is an Ohio corporation, which Plaintiff alleges, does business in New York. *Id.* ¶ 13.

The Complaint alleges that on multiple occasions, the last of which occurred in July of 2020, Plaintiff visited Defendant's Website to make a purchase but was denied a shopping experience similar to that of a sighted individual due to the Website's lack of certain features and accommodations that effectively barred Plaintiff from being able to determine what specific products were offered for sale. *Id.* ¶ 24.  For example, many features on the Website lacked "alt. text," which is the invisible code embedded beneath a graphical image. *Id.* ¶ 25.  The absence of this code prevented the Website from adequately describing the products on the screen to a visually-impaired consumer so that Plaintiff was unable to differentiate amongst products offered for sale. *Id.*  The Website also failed to include a label element or title attribute for each field with the result that a screen reader would be unable to communicate the purpose of the page element to a visually-impaired person. *Id.* ¶¶ 26-27.  Furthermore, the Website contained a host of broken links, i.e., a hyperlink to a non-existent or empty webpage, which the screen reader could not tell were broken and which, after a visually-impaired person clicked on a link, prevented that person from returning to his original search. *Id.* ¶ 28.  Because of these features, Plaintiff alleges that the Website was inaccessible to blind and visually-impaired customers who need screen readers and that these access barriers caused a denial of Plaintiff's full and equal access to the Website. *Id.* ¶¶ 29-31.

Plaintiff filed this action on July 13, 2020.  He brings a claim under the American with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), on behalf of himself and a putative

nationwide class of "all legally blind individuals in the United States who have attempted to access Defendant's Website and as a result have been denied access to the equal enjoyment of goods and services, during the relevant statutory period." *Id.* ¶ 41.  He also brings a claim under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq.* ("NYCHRL"), on behalf of a New York City subclass of "all legally blind individuals in the City of New York who have attempted to access Defendant's Website and as a result have been denied access to the equal enjoyment of goods and services, during the relevant statutory period." *Id.* ¶ 42.  Plaintiff further seeks a declaration that Defendant failed to "comply with applicable laws including, but not limited to, [the ADA] and [the NYCHRL] prohibiting discrimination against the blind." *Id.* ¶ 70.

Defendant moved to dismiss on August 27, 2020 on the grounds that the Court lacks personal jurisdiction over it.  Dkt. No. 13.  It also argues that Plaintiff's third claim for declaratory judgment parallels his substantive claims and should be dismissed.  Plaintiff submitted its opposition on October 19, 2020, Dkt. No. 21, and Defendant submitted its reply on November 13, 2020, Dkt. No. 24.

## LEGAL STANDARD

"A court facing challenges as to both its jurisdiction over a party and the sufficiency of any claims raised must first address the jurisdictional question" and must dismiss the action against any defendant over whom it lacks personal jurisdiction. *Lugones v. Pete & Gerry's Organic, LLC*, 2020 WL 871521, at *2 (S.D.N.Y. Feb. 21, 2020) (citing *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963)); *see* Fed. R. Civ. P. 12(b)(2).

"[T]he plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). "[T]he showing a plaintiff must make to defeat a defendant's claim that the court lacks personal

3

jurisdiction over it 'varies depending on the procedural posture of the litigation.'" *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). If an evidentiary hearing is not held, plaintiff need make only a prima facie showing by its pleadings and affidavits that jurisdiction exists. *Dorchester Fin. Sec.*, 722 F.3d at 85. In contrast, when an evidentiary hearing is held, the plaintiff must demonstrate the court's personal jurisdiction over the defendant by a preponderance of the evidence. *Id.*; *see also Metro. Life Ins. Co.*, 84 F.3d at 567.

This prima facie showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Dorchester Fin. Sec.*, 722 F.2d at 85. Although the Court "construe[s] the pleadings and affidavits in the light most favorable to plaintiffs," *id.*, the Court "will not draw argumentative inferences in the plaintiff's favor" and need not "accept as true a legal conclusion couched as a factual allegation," *In re Terrorist Attacks on Sept. 11, 2011*, 714 F.3d 659, 673 (2d Cir. 2013).

## DISCUSSION

### I.   Personal Jurisdiction

New York's general jurisdiction statute provides for jurisdiction over "persons, property, or status as might have been exercised heretofore." N.Y. C.P.L.R. § 301. A defendant is subject to general personal jurisdiction if he is "engaged in such a continuous and systematic course of 'doing business' [in New York] as to warrant a finding of its 'presence' in this jurisdiction." *Laufer v. Ostrow*, 434 N.E. 692, 694 (N.Y. 1982) (quoting *McGowan v. Smith*, 419 N.E.2d 321, 323 (N.Y. 1981)).

New York's specific jurisdiction statute states that "a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent":

4

>1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
>2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
>3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302(a).

Of particular relevance here is Section 302(a)(1).[1] To establish jurisdiction under Section 302(a)(1), Plaintiff must allege that: (1) Defendant has "transacted business" in New York, and (2) the claim asserted arises from that business activity. *Eades v. Kennedy PC L. Offs.*, 799 F.3d 161, 168 (2d Cir. 2015); *see Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013). "A single sale may be sufficient provided that the defendant's activities were purposeful and there was a substantial relationship between the transaction and the claim asserted." *WowWee Grp. Ltd. v. Meirly*, 2019 WL 1375470, at *3 (S.D.N.Y. Mar. 27, 2019); *see also Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 166 (2d Cir. 2010).

Under the first prong, a non-domiciliary defendant need not be physically present in New York to "transact business," so long as the defendant has engaged in "purposeful activity," for example, "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its

---

[1] Plaintiff does not argue for personal jurisdiction under N.Y. C.P.L.R. § 301 or N.Y. C.P.L.R. §§ 302(a)(2)-(3).

laws." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246-47 (2d Cir. 2007) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

When a defendant is alleged to have "transacted business" by means of a website, courts apply a "sliding scale" test to determine whether operation of a website accessible in New York could be said to constitute purposeful availment and thus the transaction of business in New York. The more "interactive" the website, such that it solicits information from potential buyers in New York in order for the defendant to sell them products in New York, the more likely a court is to find that the defendant is "transacting business" through the website in New York and is subject to the court's jurisdiction. *See EnviroCare Techs., LLC v. Simanovsky*, 2012 WL 2001443, at *3 (E.D.N.Y. June 4, 2012); *see also Chloe*, 616 F.3d at 170 (holding that operation of highly interactive website plus shipment of one counterfeit product and over 50 other products into New York was sufficient for personal jurisdiction); *Alpha Int'l, Inc. v. T-Reproductions, Inc.*, 2003 WL 21511957, at *3 (S.D.N.Y. July 1, 2003) ("Websites that permit information exchange between the defendant and viewers are deemed 'interactive.'"). "Even the existence of an interactive 'patently commercial' website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York." *Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, 2018 WL 2022626, at *4 (S.D.N.Y. Apr. 30, 2018) (internal citation and quotation marks omitted); *see Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 363 (S.D.N.Y. 2020) ("It is, of course, not sufficient that the defendant conducts business through an interactive [] website; the question is whether the defendant used the website to reach into the forum in some meaningful way."); *see also Savage Universal Corp. v. Grazier Constr.*, Inc., 2004 WL 1824102, at *8-9 (S.D.N.Y. Aug. 13, 2004) (Lynch, J.).

Plaintiff offers as evidence of Defendant's interactions with New York two pages on the Website that offer guidance on New York sales tax for purchases made in New York and provide a downloadable tax form for New York purchases. He argues from that evidence that Plaintiff must be offering products for sale in New York. Plaintiff also relies on Defendant's statements on the Website that it "sends millions of parts a year to customers across the globe," it has "increased annual sales from about $20 million-a-year to a several hundred million-a-year" and it "has become a giant in the industry with one retail store, two call centers, and a massive distribution warehouse that delivers more than $300 million worth of products to automobile enthusiasts each year" to ask the Court to infer from Defendant's description of the size of its business that it must derive revenue from sales in New York. Dkt. No. 21 at 3-4.

Defendant makes two arguments in response. First, it asks the Court to decline to take judicial notice of the pages on the Website because they are dated as of October 16, 2020, rather than the time of Plaintiff's July 2020 visit to the Website, and "personal jurisdiction depends on the defendant's contacts with the forum state at the time the lawsuit was filed." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 52 (2d Cir. 1991). Second, Defendant claims that even if the Court takes judicial notice of the webpages, they do not establish Defendant's transactions with New York because the Website makes general statements about worldwide business and offers tax information if a prospective sale were to involve any of the fifty states, regardless of whether a sale to a specific state happens. Thus, no particular inference can be drawn from the fact that Defendant offers sales tax forms for New York, as Defendant offers such forms for each state. Absent evidence of an "actual order placed through the website from New York," "actual sale that occurred in New York," and "single actual delivery to New York," Dkt. No. 24 at 2, the

7

Complaint alleges merely that Defendant "operat[es] a website that may be accessed from New York," but that fact, "without more, does not bring the operator within the jurisdiction of New York courts," Dkt. No. 14 at 5 (quoting *Camacho v. Vanderbilt Univ.*, 2019 WL 6528974, at *5 (S.D.N.Y. Dec. 4, 2019)).  Defendant also argues that the Complaint relies on conclusory allegations.  *See, e.g.*, Compl. ¶ 8 ("Defendant conducts and continues to conduct a substantial and significant amount of business in this District."); *id.* ¶ 13 ("Defendant is and was at all relevant times . . . doing business in New York.").

      The Court concludes that, even considering the webpages, Plaintiff has made less than a prima facie showing of personal jurisdiction.  The fact that a New York consumer can purchase products from a company's website, without evidence that the consumer actually did make such purchases, does not alone establish personal jurisdiction.  *See, e.g.*, *Camacho*, 2019 WL 6528974, at *5 ("Operating a website that may be accessed from New York, without more, does not bring the operator within the jurisdiction of New York courts.").  "Without allegations that there was purposeful availment of New York, such as through actual sales to New York or even perhaps active solicitation of the New York market, it cannot be said that a defendant 'transacted business' under N.Y. C.P.L.R. § 302(a)(1) so as to satisfy personal jurisdiction." *Spin Master*, 463 F. Supp. 3d at 364.  Moreover, the description of the size of Defendant's business as a whole, including the business it does through retail centers, is not sufficient to establish that the Defendant used the *Website* to make sales in New York and to reach into New York in a meaningful way.  *See id.* at 363.  To hold otherwise, and to accept Plaintiff's theory, would make any company that made its purchases available for sale nationwide subject to personal jurisdiction in every state nationwide, regardless of whether a consumer made a purchase or the company made such sales.  *See Savage Universal Corp.*, 2004 WL 1824102, at *9 ("It stretches

8

the meaning of 'transacting business' to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, without some evidence or allegation that commercial activity in that state actually occurred."); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 886 (2011) (distinguishing between "intent to serve the U.S. market" and "conduct purposefully directed at [a particular state]"). That would raise significant due process questions as well. Due process requires "a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977)); *see, e.g.*, *RLP Ventures LLC v. All Hands Instruction NFP*, 2019 WL 1316030, at *4 (S.D.N.Y. Mar. 22, 2019) ("[E]xtending personal jurisdiction based on 'essentially de minimis contributions made from a website accessible in any jurisdiction,' would raise serious due process concerns.") (quoting *DH Servs., LLC v. Positive Impact, Inc.*, 2014 WL 496875, at *8 (S.D.N.Y. Feb. 5, 2014)).

At the same time, however, Plaintiff's failure to establish personal jurisdiction is, to some extent, a function of Defendant's own alleged wrongdoing. Taking the allegations of the Complaint as true, it was Defendant's violations of the ADA that prevented Plaintiff from making the purchase from New York that would have established personal jurisdiction. *See WowWee Grp.*, 2019 WL 1375470, at *3 (holding that a single sale may be sufficient provided that the defendant's activities were purposeful and there was a substantial relationship between the transaction and the claim asserted). Had Plaintiff been able to make the purchases from New York he claims to have attempted to make, personal jurisdiction would have been present. The evidence Plaintiff has been able to present, while not sufficient to establish jurisdiction, does

constitute a substantial start in that direction.  The evidence that Defendant makes substantial sales and the fact that it makes New York state sales tax forms available on its Website go far to making it plausible that at least some of those sales are effected through transactions over the Website.  If, at the time of the filing of this action, Defendant was selling products through its Website to New York customers and at the same time displaying the Website to Plaintiff but denying him the access other New York customers had to purchase products, those facts would help to establish personal jurisdiction and create the "articulable nexus or substantial relationship between the business transaction and the claim asserted."  *Gucci Am., Inc. v. Weixing Li*, 135 F. Supp. 3d 87, 93 (S.D.N.Y. 2015) (internal citations and quotations omitted).  Defendant's transactions with other New York customers would be "connected to the plaintiff's own claim because the transactions with the other persons actually caused some part of the harm to the plaintiff."  *Mercer v. Rampart Hotel Ventures, LLC*, 2020 WL 236843, at *4 (S.D.N.Y. Jan. 16, 2020).  Specifically, Plaintiff would be "harmed by the defendant's transactions with New York customers" because the Complaint alleges that Defendant has chosen to purposefully avail itself of the rights and protections of New York by selling products on its Website to New York customers, but only to those customers who are not legally blind and can navigate the Website.  *Id.* at *5.  The business transaction (i.e., Defendant's sales of products to New York customers) would thus have a substantial relationship with the claim asserted in this action (i.e., Defendant makes such sales through a website that is inaccessible to certain customers).

"[I]n deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway.  It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion."  *Dorchester Fin. Sec.*, 722 F.3d at 84.  "A court generally should

allow a plaintiff 'an opportunity to conduct discovery on . . . jurisdictional facts, at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party.'" *Togut v. Forever 21, Inc.*, 285 F. Supp. 3d 643, 648 (S.D.N.Y. 2018) (Sweet, J.) (quoting *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004)); *see also A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines*, 828 F. Supp. 2d 557, 567 (E.D.N.Y. 2011) ("Pre-motion discovery should be permitted where the facts necessary to establish personal jurisdiction . . . lie exclusively within the defendant's knowledge."). That proposition would apply to evidence of the proportion of Defendant's sales that are conducted over the Website to customers in New York. That information is not in the public domain.

"District courts in this Circuit have allowed jurisdictional discovery where a plaintiff has made less than a prima facie showing but has demonstrated 'a sufficient start toward establishing personal jurisdiction.'" *A.W.L.I. Grp.*, 828 F. Supp. 2d at 575 (quoting *Hollenbeck v. Comeq, Inc.*, 2007 WL 2484299, at *2 (N.D.N.Y. 2007)). "[J]urisdictional discovery is not permitted where . . . the defendant submits an affidavit that provides all the necessary facts and answers all the questions regarding jurisdiction." *Id.* at 567. However, "if plaintiff has not pleaded a prima facie showing of personal jurisdiction, a court may order limited discovery targeted at the missing jurisdictional elements, if plaintiff has shown that such an exercise would serve to fill any holes in its showing." *Smit v. Isiklar Holding A.S.*, 354 F. Supp. 2d 260, 263 (S.D.N.Y. 2005) (internal quotation marks and citation omitted). That showing has been made.

The Court is aware that another judge in this District dismissed a complaint filed by this same plaintiff asserting similar ADA claims for lack of personal jurisdiction, without addressing the question of jurisdictional discovery. *See Guglielmo v. Neb. Furniture Mart, Inc.*, 2020 WL 7480619 (S.D.N.Y. Dec. 18, 2020). There, plaintiff similarly alleged that he was unable to

purchase a product from defendant's website because of its ADA violations.  The defendant there, however, submitted an affidavit, which showed that the company had "explicit policies" that prevented a New York customer from making a purchase on its website.  *Id.* at *8. Specifically, defendant's delivery policy permitted deliveries to: (i) customers within a 300-mile radius of one of defendant's physical retail locations; and (ii) customers who have obtained a store credit card from defendant.  Defendant's store nearest to New York was approximately 1,100 miles away in Iowa, and the store credit cards were not available to customers in New York.  *Id.*  As a result, the court found that the defendant's affidavit foreclosed a finding of personal jurisdiction because it showed that the defendant could not sell or deliver products to New York customers and therefore did not "transact business" in New York.  *See also Diaz v. Kroger Co.*, 2019 WL 2357531, at *7 (S.D.N.Y. June 4, 2019) (finding no personal jurisdiction over a defendant after the court reviewed its website and confirmed that it would not allow delivery to any New York zip code).

Defendant has submitted no such affidavit here and, in fact, is careful not to deny that it has made sales to customers in New York, instead focusing on the argument that Plaintiff does not plead adequately plead Defendant's sales to New York.  *See, e.g.*, Dkt. No. 24 at 12 ("JEGS is not incorporated in New York, it does not have its principal place of business there, and it does not operate any stores in New York. There is no fact plead [sic] suggesting anyone other than Guglielmo has ever accessed JEGS's website from New York.").

In light of the principles regarding jurisdictional discovery, the nature of this particular case, the webpages, and the absence of any affidavit from Defendant, the Court exercises its discretion to order limited jurisdictional discovery.  *See Togut*, 285 F. Supp. 3d at 648.[2]

---

[2] In reaching this decision to grant jurisdictional discovery, the Court does not take judicial

## II.     Declaratory Judgment

Defendant argues that Plaintiff's declaratory judgment claim should be dismissed as duplicative of his ADA and NYCHRL claims because it targets the same rights and obligations at issue. Plaintiff does not respond to this argument and thus, the Court deems the claim to be abandoned. *See Youmans v. Schriro*, 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013) ("A plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitutes an abandonment of those claims.") (collecting cases).

Even if it were not abandoned, the Court would find that Plaintiff's declaratory judgment claim is duplicative of his ADA and NYCHRL claims. Plaintiff's ADA and NYCHRL claims seek damages based on past violations of the ADA and NYCHRL and an injunction to prevent ongoing and future such violations. The declaratory judgment claim seeks a declaration based on past and ongoing violations of the same statutes: "A declaration that Defendant owns, maintains and/or operates its Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by [the ADA], [NYCHRL], and the laws of New York." Compl. at 19. The claim is thus duplicative. *See, e.g.*, *Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 249 (S.D.N.Y. 2006) (because the "declaratory judgment claim seeks resolution of legal issues that will, of necessity, be resolved in the course of the litigation of the other causes of action," the "claim is duplicative in that it seeks no relief that is not implicitly sought in the other causes of action").

---

notice of the webpages for their truth but rather to demonstrate that discovery may yield evidence that would support personal jurisdiction. *See Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 70 (E.D.N.Y. 2006) (when "consider[ing] issues relating to personal jurisdiction," a court "is not confined to the allegations in the complaint and may consider affidavits and documentary evidence") (citing cases); *see also APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003). Jurisdictional discovery may reveal that Defendant does not, in fact, make any sales or deliveries to customers in New York.

13

**CONCLUSION**

The motion to dismiss is GRANTED IN PART and DENIED IN PART.

Because Plaintiff has made a colorable claim for personal jurisdiction under Section 302(a)(1) only, limited jurisdictional discovery is authorized on that basis. The parties shall have ninety (90) days from the date of this Opinion and Order to conduct jurisdictional discovery. If, after that jurisdictional discovery, Defendant has a good faith belief that personal jurisdiction does not lie, Defendant may renew its motion to dismiss for lack of personal jurisdiction within thirty (30) days of the close of jurisdictional discovery.

The Clerk of Court is respectfully directed to close Dkt. No. 13.

SO ORDERED.

Dated: March 17, 2021
      New York, New York

                                                    LEWIS J. LIMAN
                                               United States District Judge